Filed 7/26/23  P. v. Finister CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B325841 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA104526) |
| v. | |
| DASHAUN FINISTER, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Deshaun Finister (defendant) appeals from the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code former section 1170.95, now section 1172.6.[1]  Defendant's appointed counsel

---

1    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering only.

found no arguable issues and filed a brief requesting that we exercise our discretion to conduct an independent review of the record, citing *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Following the standard articulated *Delgadillo,* we have conducted a limited review of the current appellate record. (See *Delgadillo*, at pp. 230–232.)  As we find a prima facie showing of eligibility for relief under section 1172.6, we conclude that the trial court erred in summarily denying defendant's petition.  Accordingly, we reverse and remand with directions.

## BACKGROUND

In 2009 defendant and a codefendant were each convicted of one count of murder (§ 187, subd. (a)) and one count of attempted murder (§§ 664 & 187, subd. (a)).  As to the murder conviction, the jury found true the allegation that the murder was of the first degree, and defendant committed the murder while engaged in the crimes of robbery and burglary within the meaning of section 190.2, subdivision (a)(17).  As to the attempted murder conviction, the jury found true the allegation that the attempted murder was premeditated, willful and deliberate.  As to both counts the jury found true the three firearm allegations that a principal personally and intentionally used a firearm, a principal personally and intentionally discharged a firearm, and a principal personally and intentionally discharged a firearm, causing great bodily injury and death to the victim, within the meaning of section 12022.53, subdivisions (b), (c), and (d).  Also as to both counts the jury found true the allegation that the crime was committed for the

All further unattributed code sections are to the Penal Code unless otherwise stated.

2

benefit of a gang, within the meaning of section 186.22, subdivision (b)(1)(A).

We affirmed defendant's convictions on appeal after modifying the sentence pronounced by the trial court. (*People v. Finister* (Jan. 20, 2011, B218414) [nonpub. opn.].) As modified, defendant was sentenced to a term of life without parole for murder and special circumstance pursuant to section 190.2, and to a life term with possibility of parole with a seven-year minimum parole eligibility term on the attempted murder, pursuant to section 3046, subdivision (a)(1).[2]

According to the factual summary in *People v. Finister*, *supra*, B218414 at pages 110–112, two men later identified as defendant and his codefendant burst into the home of Steven Harvey where he was playing a video game with his friend Larry Fulton.[3] Both defendant and codefendant were brandishing weapons and demanded money. After being robbed at gunpoint, the victims were kneeling with their hands behind their heads. The two assailants argued about what to do with them. One suggested bringing the two victims with them and the other shouted, "No. Fuck that," and fired two shots, one hit Fulton in the back of the

_____

[2] The trial court resentenced defendant as directed by the appellate court. The court struck the gang enhancement and retained the 25-year to life terms for the two unstayed firearm enhancements alleged as to both counts pursuant to section 12022.53, subdivisions (d) and (e)(1). The indication of life without the possibility of parole noted on the February 22, 2011 abstract of judgment dated for both counts appears to be in error.

[3] We recite these facts solely for context and do not rely on them for our analysis or disposition.

head and the other wounding Harvey in the leg. The assailants then ran away.

Following defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 (implied and express malice murder), 189 (felony murder), and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added what is now section 1172.6, which provides a procedure for those convicted of murder or attempted murder to petition for retroactive relief if they could not now be convicted under the amended laws. (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

On April 6, 2021, defendant filed a pro. per. petition for writ of habeas corpus, signed under penalty of perjury, requesting relief under section 1172.6. Both the prosecution and the trial court treated the habeas petition as a section 1172.6 petition. As relevant here, a section 1172.6 petition must set forth three conditions to be eligible for resentencing: (1) the petitioner was charged with murder or attempted under a theory of felony murder, (2) the petitioner was convicted of murder or attempted murder, and (3) he could not presently be convicted of murder because of changes to sections 188 and 189, effective January 1, 2019. (See § 1172.6, subd. (a).) Where a petition alleges the statutory conditions to eligibility, the trial court must appoint counsel, entertain briefing by both parties, and then "proceed[] to subdivision (c) to assess whether the petitioner has

4

made 'a prima facie showing' for relief. (§ [1172.6], subd. (c).)" (*Lewis, supra*, 11 Cal.5th at p. 960; see *id.* at p. 962.) If the court determines a prima facie showing has been made, it must issue an order to show cause and then hold an evidentiary hearing pursuant to section 1172.6, subdivision (d) to determine whether to vacate the conviction and resentence the petitioner. (§ 1172.6, subd. (c); *Lewis, supra*, at p. 960.) If the defendant makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether relief should be granted. (§ 1172.6, subds. (c) & (d)(3).)

Attached to defendant's petition was a memorandum of points and authorities from which we can glean the required allegations, although they are in the form of argument and not made with the precision an attorney might provide. Defendant essentially alleged he was charged with murder and attempted murder by information which permitted the prosecution to proceed on a theory of aiding and abetting a felony murder and attempted murder without proof that he personally harbored the required mental state. Defendant alleged he was convicted of both crimes, and the jury found the felony-murder special circumstance true pursuant to section 190.2, subdivision (a)(17), although the instructions did not define the required mental state under the legal standards clarified by the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).[4]

---

4    In *People v. Strong* (2022) 13 Cal.5th 698, 710, the California Supreme Court held that "[f]indings issued by a jury

5

Defendant attached copies of the jury instructions given at his trial which included instructions regarding felony murder, and aiding and abetting a robbery or burglary during which an accomplice committed an act that caused the death of a victim, even if the killing was unintentional. Defendant argued his conviction would not meet present legal and constitutional standards, in essence alleging he could not now be convicted under the amended murder laws as an aider and abettor pursuant the felony murder rule.

The trial court appointed counsel for defendant and entertained briefing from both sides. The prosecution attached a copy of our 2011 opinion in *People v. Finister*, *supra*, affirming the judgment. The opposition brief included the facts recited in the opinion and argued defendant was ineligible for relief under section 1172.6 because the facts showed defendant was a major participant in the underlying felonies who acted with reckless indifference to human life.

In its order denying the petition, the trial court included the facts in the appellate opinion relating to the robbery itself and drew conclusions and inferences from those facts. The court concluded the evidence and instructions showed that the jury found that defendant intended to kill the victims.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

After examination of the record, appointed counsel filed an opening brief raising no issues. Where, as here, appointed

---

before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under" section 1172.6.

6

counsel finds no arguable issues in an appeal that is not taken from the first appeal after conviction, we are not required to conduct an independent review of the record if, after giving the defendant an opportunity to file his own supplemental brief or letter, he does not do so within the time allowed. (See *Delgadillo, supra,* 14 Cal.5th at pp. 226, 232.) Counsel here provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We too notified defendant of counsel's brief, gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter were timely filed the court may dismiss the appeal as abandoned. Though defendant has not filed a supplemental brief within the time allowed, a brief review of the order denying the petition revealed the trial court's determination that defendant had not made a prima facie showing of eligibility under section 1172.6 may have been based upon impermissible factors. We thus reviewed the record on appeal as necessary to resolve that issue.

The prima facie inquiry is limited. (*Lewis, supra,* 11 Cal.5th at p. 971.) The trial court is required to accept factual allegations as true unless refuted as a matter of law by the record of conviction (id. at pp. 971–972), and it must draw " 'all factual inferences in favor of the petitioner' " (*People v. Clayton* (2021) 66 Cal.App.5th 145, 153). Only where the record of conviction contains established facts showing that petitioner is ineligible for resentencing as a matter of law may the court find no prima facie showing has been made. (See *Lewis, supra,* at p. 971; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) "As a matter of law" means the record of conviction *conclusively* refutes the allegations

7

of the petition without resort to factfinding, weighing of evidence, or credibility determinations.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14; see *Lewis, supra*, at pp. 957, 970–972.)  For example, if the record shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, or that petitioner was the actual perpetrator who acted with malice aforethought, he is ineligible for relief as a matter of law.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52–53, 55–56.)

As discussed above, we gleaned from defendant's memorandum of points and authorities attached to his section 1172.6 petition sufficient allegations of the three conditions required by section 1172.6, subdivision (a) to establish a prima facie showing of eligibility unless refuted as a matter of law.  It appears the trial court's denial was based in part upon prohibited factfinding, weighing the evidence, and disbelieving defendant's allegations.  In addition, the trial court relied on instructions given at defendant's trial, as well as factual and legal conclusions contained in the 2011 appellate opinion, without consideration of changes in the applicable law since the trial and appeal.

As the trial court acknowledged the jury was given two theories of murder, felony murder and murder with malice aforethought.  The jury was not required to state the theory upon which it relied.  The trial court defined express and implied malice for the jury and noted that the jury was instructed with CALCRIM No. 600, which provides the requirement of an intent to kill for attempted murder.  The trial court also advised the jury the instructions applied to both defendants, though some

instructions might not be applicable, depending on the jury's factual findings.[5]

In sum, the jury was permitted to find defendant guilty of felony murder without finding he was either the actual killer, an aider and abettor of the killer who harbored an intent to kill, or a major participant in the underlying robbery or burglary and acted with reckless indifference to human life, as described in section 190.2, subdivision (d), as now required under the law as amended by Senate Bill 1437.  (See § 189, subds. (a) & (e).)  As such, the record of conviction does not conclusively refute as a matter of law the allegation that defendant could not now be convicted of murder.  (See *Lewis, supra*, 11 Cal.5th at pp. 957, 970–972; *People v. Lopez, supra*, 78 Cal.App.5th at p. 14.)  We thus conclude the trial court erred in finding defendant had not made a prima facie showing of eligibility under section 1172.6 as to the murder conviction.

## DISPOSITION

The order of October 28, 2022 denying defendant's section 1172.6 petition is reversed.  The matter is remanded for reappointment of counsel, the issuance of an order to show cause, and further proceedings in accordance with Penal Code section 1172.6, subdivision (d) as to the murder conviction.

NOT TO BE PUBLISHED.

---

\*      LUI, P. J.                CHAVEZ, J.                HOFFSTADT, J.

---

[5]      As the attempted murder conviction is based only on a theory of malice, no relief under section 1172.6 is warranted.

9